## Davis v. Hillman.

*Assumpsit—Future profits—Statute of frauds—Right of action—Partnership—Joint interest—Coal lands.*

1. Where plaintiff sued to recover on an oral contract one-half of the profits which he alleged would have been made in a period of twelve years had not defendant repudiated his agreement, judgment was entered in favor of defendant on the ground that the facts did not present a cause of action in *assumpsit.*

2. A contract void or voidable under the statute of frauds cannot be made the basis for an action in *assumpsit* for the recovery of a share of profits to which one partner, or a party jointly interested therein, would have been entitled had the contract been executed.

Statutory demurrer. C. P. Allegheny Co., Oct. T,, 1921, No. 508.

Before Drew, Douglass and Carpenter, JJ.

*McIlvain, Murphy & Mohn, Rody P. Marshall* and *Oliver K. Eaton,* for plaintiff.

*Sterrett & Acheson,* for defendant.

CARPENTER, J., June 26, 1922.—Plaintiff sues to recover the sum of $205,-455.13, with interest. The first paragraph of his "Statement" specifies the sum alleged to be due and payable, and the second sets out an oral agreement on which he bases his right to recover. The agreement pleaded is as follows: "Plaintiff, being familiar with coal lands, properties and plants in Western Pennsylvania, was to co-operate with the defendant in the promotion and

operation of such coal lands, coal properties and plants as defendant might agree to handle, purchase, promote or operate for that purpose, and plaintiff was also to arrange for the acquisition, purchase and sale by defendant, title to be vested in him, of coal lands, properties and plants, or for the purchase or sale of interests therein; the defendant was to furnish such moneys as would be required; all profits were to be equally divided between the plaintiff and defendant; in the event of incorporation and operation, it was agreed that the plaintiff and defendant should be equally represented in any such corporation; and in said agreement other details concerning the purchase and operation aforesaid were decided upon and agreed to."

Paragraphs 3 to 6, inclusive, of the statement of claim, recite transactions in which the parties were jointly interested, and paragraph 7 avers that all of said transactions have been closed and terminated "with the exception of the transaction hereinafter referred to in paragraphs 8 to 17, inclusive."

Paragraph 8 refers to a "triangular deal," concerning which, it is alleged, plaintiff and defendant conferred in June, 1919, and which resulted in the purchase of coal lands located on Pigeon Creek, Washington County, Penna., "which coal lands, upon being purchased, were to be exchanged for a block of coal lands of like size owned and controlled by the Ellsworth Collieries Co. . . . with the express intention of selling the latter block of coal lands, to wit, those to be acquired from the Ellsworth Collieries Company, to the Warner-Youghiogheny Coal Company."

It is also averred in said paragraph 8 that at the time of conferring with reference to this proposed triangular deal, "plaintiff and defendant orally renewed and confirmed the agreement made at the Duquesne Club on or about Oct. 16, 1916, and orally agreed that any profits from the proposed purchase and sale of said coal would be equally divided between plaintiff and defendant."

Paragraph 9 recites negotiations for, and the purchase by defendant of, the Pigeon Creek coal lands, aggregating 632 acres, more or less, the purchase price being paid by defendant.

Paragraph 10 avers the exchange of properties contemplated and the conveyance of 630.448 acres, more or less, by the Ellsworth Collieries Company to the defendant, and refers to the fact and place of record of the deeds.

The 11th, 12th and 13th paragraphs read:

"11. Pursuant to the agreement with the defendant, and with the consent and approval of the defendant, plaintiff entered into negotiations for the sale of the coal, conveyed to defendant by the Ellsworth Colliers Company, on a royalty basis; and on or about the latter part of July, 1919, or early part of August, 1919, procured an offer from W. H. Warner, representing the Warner-Youghiogheny Coal Company, to purchase said coal for the sum of twenty-five cents per ton, guaranteeing payment for eighty-five hundred tons per acre, payable in twelve equal annual payments, without interest, an initial or down-payment of $100,000 to be made.

"12. Said terms of sale were submitted to defendant, and were then and there agreed to by defendant, and the said W. H. Warner, representing the Warner-Youghiogheny Coal Company, which company was ready, able and willing to purchase said coal according to said terms of sale.

"13. Subsequent to said time the defendant refused to sell said coal to the proposed purchaser for said price and upon said terms."

The 14th, 15th and 16th paragraphs recite: Denial by defendant of plaintiff's right to any profits, refusal to carry out the terms of the oral agreement

2 D. & C.

of Oct. 16, 1916, renewed and confirmed by agreement of June, 1919, cost of coal to defendant, and profits that would have been received if defendant had not refused to sell to the Warner-Youghiogheny Coal Company.

In paragraph 17 plaintiff avers that "by reason of the premises plaintiff is entitled to one-half of said profits, reducing the same to their present worth as of Aug. 1, 1919, to wit, the sum of $205,455.13; payment of said sum has been demanded of defendant and payment refused; and to recover the same, with interest thereon as aforesaid, this suit is brought."

In our opinion, the fundamental and controlling question here involved is: Do the facts pleaded exhibit a cause of action in *assumpsit*? Or, to state the question in different phrase: Is plaintiff's demand sustainable on the facts of which it is predicated?

The question of agency is not here involved. Plaintiff does not sue to recover a commission. The subject-matter of the oral agreement was "coal lands, coal properties and plants," and "profits" accruing from the purchase, sale, promotion, operation, etc., of such lands and plants. The concrete case involves plaintiff's right to enforce a demand for one-half of a profit which he alleges would have been realized had not defendant repudiated and refused to sell certain coal purchased for the purpose of resale to a designated party. Plaintiff pleads an oral contract for the division of profits, and, so far as prior transactions are involved, he says they were closed. If he has a legal demand, he can enforce it in *assumpsit*. The pivotal question is of "right," not of "remedy." The fact that the agreement for division of profits was oral does not bar recovery.

The sole question is: Does defendant's refusal to consummate the sale to the Warner-Youghiogheny Coal Company on the terms orally agreed upon make him liable for the present worth of one-half the profits which it is alleged would have accrued in twelve years? The averment in paragraph 11 is that plaintiff "procured an offer from W. H. Warner, representing the Warner-Youghiogheny Coal Company, to purchase said coal for the sum of twenty-five cents per ton, guaranteeing payment for eighty-five hundred tons per acre, payable in twelve equal annual payments, without interest, an initial or down-payment of $100,000 to be made," and in paragraph 12, that "said terms of sale were submitted to defendant and were then and there agreed to by defendant, and the "said W. H. Warner, representing the Warner-Youghiogheny Coal Company, which company was ready, able and willing to purchase said coal according to said terms of sale."

We have repeated these averments of plaintiff's statement because, in our opinion, the effect to be given them is the determining factor in this suit.

Attention has been directed to the fact that plaintiff does not seek to recover on the theory of "agency," but, to the extent of his rights as a partner, profits of a single transaction not realized, but which he alleges were lost because of defendant's refusal to consummate an oral agreement for the sale of real estate.

There is no allegation that the Warner-Youghiogheny Coal Company bound itself to accept the coal on the terms alleged to have been agreed upon by Warner and Hillman. The averment that the purchaser was ready, able and willing to purchase does not take the case out of the statute of frauds.

It does not appear whether Warner represented himself as a partnership or a corporation. If the Warner-Youghiogheny Coal Company is a corporation, Warner could not bind it by any verbal contract he might see fit to make in its name.

Davis *v.* Hillman.

It is averred in the 18th paragraph that defendant refused to sell to the proposed purchaser, and in the 14th, that defendant denied that plaintiff was entitled to any profits arising from said proposed sale or any sale of said coal. It is not averred that defendant wrongfully or fraudulently refused to carry out the oral contract which it is alleged was submitted to him and approved. That defendant withdrew his assent to an oral contract not binding on either party does not raise a presumption of fraud or of an intention to deprive plaintiff of his rights. For aught that appears, he may have had good reason to refuse to enter into a written contract with the proposed purchaser.

A contract void or voidable under the statute of frauds cannot be made the basis for an action in *assumpsit* for the recovery of a share of profits to which one partner, or a party jointly interested therein, would have been entitled had the contract been executed.

What the effect of the alleged denial that plaintiff has any right to share in the profits of the "proposed sale" or "any sale of said coal" (paragraph 14), is, we do not undertake to determine. All we here decide is that the facts pleaded by plaintiff do not present a cause of action cognizable in *assumpsit*.

On this ground, and this alone, our conclusion rests. The judgment to be entered is tantamount to a judgment of compulsory non-suit.

*Order.*—And now, June 16, 1922, on the facts pleaded by plaintiff, judgment is entered for defendant.

From Edwin L. Mattern, Pittsburgh, Pa.